**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-111**

**Filing Date: September 21, 2011**

**Docket No. 29,807**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**ESAU BARRAZA,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Daniel R. Lindsey, P.C.
Daniel R. Lindsey
John L. Collins
Clovis, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}** Defendant, convicted of a felony that may likely result in his deportation, sought to withdraw his plea based on ineffective assistance of counsel. He sought relief under the historic writ of coram nobis that has now been incorporated into Rule 1-060(B) NMRA. Defendant's petition under Rule 1-060(B) depends on the existence of no other remedy. Since Defendant has not shown that the remedy of habeas corpus was unavailable to him,

1

a petition under Rule 1-060(B) is precluded, and we affirm.

## BACKGROUND

**{2}** On November 8, 2007, Defendant entered a plea of no contest to the charge of aggravated assault with a deadly weapon, a fourth degree felony contrary to NMSA 1978, Section 30-3-2(A) (1963). As part of Defendant's plea agreement, he recognized that the "conviction *may have an effect upon* [D]efendant's immigration or naturalization status." (Emphasis added.) On January 31, 2008, the district court accepted Defendant's no contest plea and sentenced Defendant to eighteen months imprisonment. This sentence was then suspended, and Defendant was placed on supervised probation for eighteen months and given pre-sentence confinement credit of two days. Defendant received an early discharge from probation on May 8, 2009.

**{3}** On or about July 8, 2008, while Defendant was still on probation, Defendant filed a petition pursuant to Rule 1-060 and Rule 5-304 NMRA to vacate and set aside the plea or, in the alternative, for a writ of error coram nobis (the Petition). Defendant alleged that his plea should be set aside or withdrawn due to ineffective assistance of counsel as he was not advised of the specific immigration consequences of this conviction and the almost certain deportation that would result from this aggravated felony. *See State v. Carlos*, 2006-NMCA-141, ¶ 14, 140 N.M. 688, 147 P.3d 897 (concluding that defense counsel must "read and interpret federal immigration law and specifically advise the defendant whether a guilty plea will result in almost certain deportation"). On February 10, 2009, the district court held an evidentiary hearing on the Petition. The district court initially entered a letter ruling denying the Petition and subsequently filed an order denying the Petition on July 9, 2009. Defendant timely appealed the order denying the Petition.

## DISCUSSION

**{4}** Defendant does not contest the district court's ruling that the Petition could not be heard under Rule 5-304. As a result, Defendant has now abandoned this issue on appeal. *See State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 (explaining that issues that are not briefed on appeal are considered abandoned). The parties also recognize that the writ of coram nobis was abolished in New Mexico when our Supreme Court adopted Rule 1-060. *State v. Tran*, 2009-NMCA-010, ¶ 16, 145 N.M. 487, 200 P.3d 537. The California Supreme Court's description of the development of the writ of coram nobis is beneficial to our analysis and is as follows:

> The writ of error coram nobis is a nonstatutory, common law remedy whose origins trace back to an era in England in which appeals and new trial motions were unknown. Far from being of constitutional origin, the proceeding designated coram nobis . . . was contrived by the courts at an early epoch in the growth of common law procedure to provide a corrective remedy because of the absence at that time of the right to move for a new

2

trial and the right of appeal from the judgment. The grounds on which a litigant may obtain relief via a writ of error coram nobis are narrower than on habeas corpus; the writ's purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the [district] court had known it and which, through no negligence or fault of the defendant, was not then known to the court.

*People v. Hyung Joon Kim*, 202 P.3d 436, 445 (Cal. 2009) (emphasis omitted) (footnote omitted) (internal quotation marks and citations omitted). Because the common law writ of coram nobis was abolished and subsumed into Rule 1-060, we will now address the district court's ability to procedurally address the Petition on its merits pursuant to Rule 1-060(B). *Tran*, 2009-NMCA-010, ¶ 16.

{5}     The State properly raised the issue of whether the district court could exercise jurisdiction to hear the Petition pursuant to Rule 1-060(B), rather than habeas corpus relief under Rule 5-802. The question of jurisdiction is a controlling consideration that must be resolved before going further in a proceeding and may even be raised by the appellate court on its own motion. *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. In the present case, the district court ruled that it had jurisdiction to hear the Petition pursuant to Rule 1-060(B) and addressed the Petition on its merits. Although Rule 1-060(B) is a rule of civil procedure, it has been extended to govern proceedings for obtaining relief from criminal judgments under certain circumstances, including the now abolished writ of coram nobis. *Tran*, 2009-NMCA-010, ¶ 16. We therefore consider whether the district court properly exercised its jurisdiction to hear the Petition on its merits pursuant to Rule 1-060 while Defendant was still serving his sentence and probationary term on July 8, 2008. Determining whether the district court properly exercised its jurisdiction is a question of law that we review de novo. *Smith*, 2007-NMSC-055, ¶ 10.

{6}     In pertinent part, Rule 1-060(B) provides the following: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order[,] or proceeding [if] . . . the judgment is void[.]" In *Tran*, this Court held that the defendant was entitled to collaterally attack previous guilty pleas and no contest pleas under Rule 1-060(B)(4) "on [the] grounds that his attorneys failed to advise him of the specific immigration consequences of his pleas as required by *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799[.]" *Tran*, 2009-NMCA-010, ¶¶ 1, 14-17. In *Paredez*, our Supreme Court recognized an affirmative duty on defense counsel such that "[a]n attorney's failure to provide the required advice regarding immigration consequences will be ineffective assistance of counsel if the defendant suffers prejudice by the attorney's omission." 2004-NMSC-036, ¶ 19. Consequently, defense counsel must "read and interpret federal immigration law and specifically advise the defendant whether a guilty plea will result in almost certain deportation." *Carlos*, 2006-NMCA-141, ¶ 14.

{7}     In *Tran*, this Court addressed the use of the common law writ of coram nobis or its

3

statutory counterpart in criminal cases. 2009-NMCA-010, ¶ 14. *Tran* recognized that the remedy of coram nobis "is used in criminal cases where there is no other remedy available to obtain a review[.]" *Id.* (internal quotation marks and citation omitted). Procedurally, however, *Tran* involved factual circumstances where it was undisputed that the defendant had completed serving his sentences and was no longer subject to any custody or restraint imposed by his previous convictions at the time he filed his petition to set aside those convictions pursuant to a writ of coram nobis. *Id.* ¶¶ 8, 10-11. Because the defendant was no longer in custody or otherwise subject to the restraint imposed by his prior sentences, this Court concluded that the only procedural remedy available would be through a writ of coram nobis, now subsumed within Rule 1-060. *Tran*, 2009-NMCA-010, ¶¶ 14-17. However, *Tran* did not address the issue of whether a defendant may seek coram nobis type relief under Rule 1-060(B) to attack and vacate a conviction while the defendant is still in custody or under restraint as a result of that conviction at the time the petition is filed. The State asserts that a petition for a writ of habeas corpus under Rule 5-802 was the proper procedure to attack the validity of Defendant's conviction because Defendant was still under the restraint of his conviction on July 8, 2008. We now address whether Defendant properly attacked the conviction and sentence he was serving on July 8, 2008, through his Petition under Rule 1-060(B), rather than a petition for habeas corpus relief under Rule 5-802.

**{8}** Because Rule 1-060 closely follows the federal rule, authority interpreting Federal Rule of Civil Procedure 60 and the availability of coram nobis type relief is persuasive in the absence of contrary New Mexico authority. *Century Bank v. Hymans*, 120 N.M. 684, 690, 905 P.2d 722, 728 (Ct. App. 1995). Federal courts have repeatedly held that where a defendant has not shown that habeas corpus relief is unavailable or otherwise inadequate, then the common law remedy of coram nobis or its statutory counterpart is not available. *See, e.g., United States v. Payne*, 644 F.3d 1111, 1112-13 (10th Cir. 2011) (affirming the denial of the petitioner's motion for coram nobis relief because the petitioner failed to show that habeas corpus relief was unavailable or would have been inadequate); *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006) (concluding that "[a] defendant completing his supervised release is in 'custody,' and the writ of coram nobis is not available to him"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (recognizing that "coram nobis is not available when a petitioner is in custody" (emphasis omitted)); *Matus-Leva v. United States*, 287 F.3d 758, 760-61 (9th Cir. 2002) (holding that coram nobis relief was not available to the defendant where he was still subject to supervised release and, thus, still in custody for purposes of pursuing habeas corpus relief); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (stating that "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody," as required for habeas corpus relief); *United States v. Dyer*, 136 F.3d 417, 422, 424 (5th Cir. 1998) (recognizing that coram nobis relief is available only where no other remedy exists and that coram nobis relief was appropriate where a petitioner had completed his sentence and no other remedy existed); *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir.1989) (reasoning that coram nobis relief is available only after a defendant is no longer in custody for purposes of seeking habeas corpus relief and that coram nobis relief requires a substitute for the custody requirement); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)

(concluding that coram nobis may be used "to vacate a conviction after the sentence has been served[,]" but "only under circumstances compelling such action to achieve justice" and where no other remedy is available (internal quotation marks and citation omitted)).

**{9}** Furthermore, other state courts have similarly held that coram nobis type relief is not available where the petitioner has not shown that habeas corpus relief would have been unavailable or inadequate. *See, e.g., Kim*, 202 P.3d at 447 (recognizing that coram nobis relief is not available where other adequate relief is available, such as relief through a habeas corpus petition); *State v. Das*, 968 A.2d 367, 377 (Conn. 2009) (stating that coram nobis relief is not available "when habeas corpus affords a proper and complete remedy" (internal quotation marks and citation omitted)); *State v. Becker*, 115 N.W.2d 920, 921 (Minn. 1962) (rejecting a writ of coram nobis where a claim could have been asserted by a writ of habeas corpus); *Jessen v. State*, 290 N.W.2d 685, 688 (Wis. 1980) (stating that "where the writ of habeas corpus affords a proper and complete remedy[,] the writ of error coram nobis will not be granted").

**{10}** In line with this authority from federal and state courts, we hold that coram nobis type relief under Rule 1-060(B) is not available unless the petitioner demonstrates that relief through habeas corpus proceedings under Rule 5-802 is unavailable or otherwise inadequate. In New Mexico, a defendant may seek habeas corpus relief under Rule 5-802 for a claim of ineffective assistance of trial counsel. *Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). Relief under Rule 5-802 only applies when a person is still under the custody or restraint of the State. *See Cummings v. State*, 2007-NMSC-048, ¶ 25, 142 N.M. 656, 168 P.3d 1080; *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776. Furthermore, a term of probation is recognized as a restraint upon personal freedom that triggers a deprivation of liberty for purposes of obtaining habeas corpus relief. *See State v. Ponce*, 2004-NMCA-137, ¶ 38, 136 N.M. 614, 103 P.3d 54 (recognizing that probation fulfills the "in custody" requirement for purposes of habeas corpus relief (internal quotation marks and citation omitted)); *see also A.M. v. Butler*, 360 F.3d 787, 790 n.3 (7th Cir. 2004) (noting that probation constitutes "in custody" for purposes of fulfilling the jurisdictional requirements for habeas corpus relief (internal quotation marks and citation omitted)).

**{11}** It is undisputed that Defendant was still serving his sentence of probation as a result of his conviction when he filed the Petition on July 8, 2008. Defendant does not assert that he was precluded from filing a petition for habeas corpus on July 8, 2008, but only asserts that any error in hearing the Petition was harmless error. Likewise, Defendant does not assert that he was not a person subject to the custody or restraint of the State on July 8, 2008, when he was serving his probationary sentence. As such, we conclude that Defendant has failed to demonstrate that habeas corpus relief was unavailable or otherwise inadequate when he filed the Petition for relief under Rule 1-060(B) in the district court on July 8, 2008. Furthermore, Defendant provides no argument or authority that Rule 1-060 expanded the scope of relief under a writ of coram nobis when this common law principle was subsumed and abolished by Rule 1-060. *See Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (concluding that this Court has no duty to review arguments

that are not developed through citation to authority and the record).

{12}    Finally, we are left with Defendant's argument that the district court's use of Rule 1-060 to address his ineffective assistance of counsel argument was harmless error and that any review by this Court would be identical to a habeas corpus petition under Rule 5-802. Although our Supreme Court has the flexibility to construe a motion as a petition for habeas corpus even where it was not denominated as such, *Case v. Hatch*, 2008-NMSC-024, ¶ 12, 144 N.M. 20, 183 P.3d 905, this Court has no such jurisdiction or flexibility to do so. *See* Rule 5-802(H)(2) (requiring a defendant to petition for certiorari to our Supreme Court in order to obtain review of a district court's denial of a writ of habeas corpus); Rule 12-501 NMRA (specifying the procedures for review of denials of habeas corpus petitions by our Supreme Court). Because Defendant cannot appeal the denial of a writ of habeas corpus to this Court, we lack jurisdiction to review or otherwise construe whether it would be harmless error to treat the current Petition filed under Rule 1-060(B) as a petition for habeas corpus. *See State v. Peppers*, 110 N.M. 393, 397-98, 796 P.2d 614, 618-19 (Ct. App. 1990) (declining to consider whether the defendant's motion to withdraw his plea might be construed as a petition for a writ of habeas corpus under Rule 5-802 because this Court lacks jurisdiction to review a district court's rulings on Rule 5-802 petitions). Such a decision is left to the exclusive discretion of our Supreme Court pursuant to Rule 5-802(H)(2) and Rule 12-501. *See Peppers*, 110 N.M. at 397-98, 796 P.2d at 618-19. As a result, we cannot address Defendant's argument that any error was harmless and that this Court should construe the Petition as a petition for a writ of habeas corpus.

**CONCLUSION**

{13}    We determine that the district court could not exercise its jurisdiction to review the petition of July 8, 2008, for coram nobis relief pursuant to Rule 1-060(B) because such relief could only be granted pursuant to habeas corpus proceedings under Rule 5-802 while Defendant was within the custody or restrictions imposed by his sentence. We reverse and remand to the district court with instructions to dismiss the Rule 1-060(B) petition without prejudice.

{14}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**

6

**Topic Index for *State v. Barraza*, No. 29,807**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-AA | Abandonment of Appeal |
| AE-AJ | Appellate Jurisdiction |
| AE-HE | Harmless Error |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-AS | Assault |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-EA | Effective Assistance of Counsel |
| CA-PP | Plea and Plea Bargaining |
| CA-VJ | Vacating Judgment |
| CA-WH | Writ of Habeas Corpus |
| | |
| **FL** | **FEDERAL LAW** |
| FL-IM | Immigration |
| | |
| **JD** | **JURISDICTION** |
| JD-AJ | Appellate Jurisdiction |
| JD-CA | Court of Appeals |
| | |
| **RE** | **REMEDIES** |
| RE-CN | Coram Nobis |