This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-34471**

**JEFFREY MANNING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1} Defendant Jeffrey Manning appeals three rulings of the district court: (1) the denial of his motion to withdraw his guilty plea before district court Judge Charles W. Brown; (2) Judge Angela J. Jewell's determination that Defendant violated his probation; and (3) the decision of Judge Jewell to sentence him as a habitual offender. We affirm the district court's finding of a probation violation and habitual offender sentencing. Treating Defendant's motion to withdraw his appeal as a habeas corpus petition, we transfer this part of the appeal to our Supreme Court.

**DISCUSSION**

{2} Because this is a memorandum opinion and the parties are familiar with the facts, this background section is limited to the factual and procedural events that are required to place our analysis in context. Additional facts will be provided as necessary.

{3} This case is procedurally complicated because two separate matters were proceeding in the district court at the same time, in the same district court case number, before two different district court judges. On March 7, 2014, Defendant filed a motion to withdraw his plea before Judge Brown and requested an evidentiary hearing. This motion was denied on April 8, 2014. Prior to the April 8, 2014 hearing, while Defendant was still on probation, the State filed a motion to revoke Defendant's probation on August 26, 2013. The probation violation hearings occurred over several

months as noted below. This motion was granted by Judge Jewell on July 29, 2014 and Defendant was sentenced to serve an eight-year habitual enhancement as a result.

**{4}** On August 21, 2014 Defendant filed two separate notices of appeal—an untimely one from the order denying his motion to withdraw his plea—and a timely one from the order revoking his probation. Defendant then filed one docketing statement in this Court, concerning the probation revocation; although he served a copy of that docketing statement on the district court, as well as a copy of a separate docketing statement addressing the plea matter, the latter was never filed with this Court. Therefore, during the calendaring process, we addressed only issues related to the probation revocation. During briefing, however, Defendant also raised the question of the district court's denial of his motion to withdraw his plea, which should have been the subject of a separate appellate proceeding.

**{5}** Defendant's motion to withdraw his plea, coming long after the judgment and sentence were entered and while Defendant was still on probation, is not cognizable by this Court on direct appeal. *See State v. Barraza*, 2011-NMCA-111, ¶¶ 3, 5, 10-12, 267 P.3d 815. Instead, such a motion to withdraw is in the nature of habeas corpus, as is made clear by the committee commentary to the 2014 amendments to Rule 5-802 NMRA, which states "motions to withdraw a plea after the entry of a final judgment . . . should be treated as habeas petitions to be adjudicated under Rule 5-

3

802[.]" In turn, a district court order denying a petition for habeas corpus is not appealable to this Court, but must be pursued through a petition for writ of certiorari to our Supreme Court. *See* Rule 5-802(N)(2); *see also Barraza*, 2011-NMCA-111, ¶ 12. We therefore transfer this portion of Defendant's appeal to our Supreme Court, in accordance with NMSA 1978, Section 34-5-10 (1966), which provides that "[n]o matter on appeal in the supreme court or the court of appeals shall be dismissed for the reason that it should have been docketed in the other court, but it shall be transferred by the court in which it is filed to the proper court."

**Probation Violation and Habitual Offender Sentencing**

{6}     A district court may revoke a defendant's probation after a hearing if the state establishes that the defendant failed to comply with a condition of probation. *State v. Parsons*, 1986-NMCA-027, ¶ 19, 104 N.M. 123, 717 P.2d 99. "We review a district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alterations, internal quotation marks, and citation omitted). Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* In doing so, we "view[] the evidence in a light most favorable to the

4

[s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Green*, 2015-NMCA-007, ¶ 22.

{7}   Judge Jewell held procedural and evidentiary hearings approximately eight different times on the alleged probation violation—trafficking cocaine and tampering with evidence—between October of 2013 and April of 2015. At the July 23, 2014 hearing, the district court ruled—based on the evidence presented at all of the hearings and the party's summations—"I find that [Defendant] violated his unsupervised probation. . . . As to the possession issue, which is a little bit trickier, I still find there was a violation of conditions of probation[.]" The district court explained its finding that regardless of whether there were other persons in the house, they were visitors. And, "That's his house. He can go into every room in that house, and if the probation officer comes in and finds [cocaine] in that house, . . . that's possession, because he has access to it. He can reach out and get it." In finding that the State may not have met its burden—as to the marked buy money found in Defendant's pocket—on trafficking, the district court expressed reasonable certainty on the possession. "[F]or those reasons, I believe there was a violation of his unsupervised probation, most importantly, in the possession."

5

{8} On April 15, 2015, the district court heard Defendant's motion to reconsider his revocation of probation and habitual offender sentencing. In affirming its finding of a probation violation, the district court reiterated the multiple evidentiary grounds for its ruling: (1) cocaine in Defendant's possession, (2) cocaine in bathroom, and (3) cocaine on paraphernalia in the house. In denying Defendant's motion, the district court, "inferred the possession of illegal drugs from [Defendant]. . . . I did a totality of the circumstances in my decision, and I stand by it."

{9} On appeal Defendant argues that the district court misapprehended the law of possession or constructive possession based on the testimony of defense witnesses, and thereby abused its discretion in finding a probation violation. Defendant urges this Court to essentially reweigh the evidence and conclude that Defendant could not have been found to possess cocaine or paraphernalia to a reasonable certainty. This Court will not do so where it would require us to "assume the role of the district court and delve into fact-dependent inquiries." *State v. Randy J.*, 2011-NMCA-105, ¶ 28, 150 N.M. 683, 265 P.3d 734. We will not substitute our judgment for that of the district court nor will we reweigh the evidence. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. We emphasize that our role as a reviewing court is limited. "The question for this Court is not what it would . . . decide[] based on the

6

testimony presented below[.]" *State v. Trujillo*, 2009-NMCA-128, ¶ 19, 147 N.M. 334, 222 P.3d 1040.

**{10}** First, Defendant directs this Court to testimony of Defendant's witnesses to establish facts regarding knowledge of the drugs, paraphernalia, and their possession, which the district court rejected. The district court stated, "I did not believe I found one witness credible when that witness testified that the paraphernalia was his and not [Defendant's.]"

**{11}** Second, Defendant's reliance on case law requiring sufficient evidence for a conviction for possession or constructive possession is inapposite. "Proof of a probation violation need not be established beyond a reasonable doubt." *Green*, 2015-NMCA-007, ¶ 22. Rather, proof of a probation violation must be established with "reasonable certainty," such that a reasonable and impartial mind would believe that Defendant "violated the terms of probation." *Id*. Thus, we conclude that the district court did not abuse its discretion in finding that Defendant violated the terms of his probation contract, and thereby revoking his probation and sentencing him to eight years incarceration under the habitual offender terms of the repeat offender plea and disposition agreement.

**CONCLUSION**

{12}    For the foregoing reasons, we transfer the habeas corpus portion of Defendant's appeal to our Supreme Court, in accordance with Section 34-5-10, and affirm the district court's orders revoking Defendant's probation and habitual offender sentencing.

{13}    **IT IS SO ORDERED**.


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**J. MILES HANISEE, Judge**