This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. A-1-CA-36771

**DAVID SAENZ, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant David Saenz, Jr. appeals from the district court's order revoking probation, imposing previously suspended sentence and order for commitment (Order

Revoking Probation). [RP 171] The basis for the probation violation stemmed from Defendant's underlying convictions in a prior April 14, 2016 judgment and order suspending sentence (Judgment and Order) [RP 82] wherein Defendant had entered into a repeat offender plea and disposition agreement, pleading guilty to trafficking and receiving stolen property [RP 70]. Defendant filed a pro se notice of appeal from the Order Revoking Probation and motion for reconsideration of the underlying convictions, which was denied by the district court. [RP 195] Defendant seeks to withdraw the plea and disposition agreement, arguing that his underlying convictions should be reversed due to insufficiency of evidence, mishandling of evidence, and deprivation of his due process rights. [3-21-18 DS 3, 6] This Court's calendar notice proposed to affirm. Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2} Defendant argues that he should have been allowed to withdraw his original plea, made final in the April 14, 2016 Judgment and Order, following his pro se notice of appeal and motion for reconsideration, filed more than nine months late on January 30, 2017 [RP 180]. Defendant asserts as grounds that the evidence upon which his underlying convictions were based appears to have been kept in an evidence room wherein evidence was commingled, damaged, and generally mishandled [MIO 2-3]. This Court's calendar notice proposed to conclude that the notice of appeal was

2

untimely, and that by entering into a plea agreement, Defendant waived both the right to trial, and the right to appeal his convictions on anything other than jurisdictional grounds. [CN 2-3] *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9, 14, 146 N.M. 251, 208 P.3d 896 ("[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, *including the right to appeal*." (emphasis added) (internal quotation marks and citation omitted)).

{3}     Defendant argues that the district court should have treated the pro se motion to reconsider as a motion for withdrawal of the plea and new trial based upon newly discovered evidence. [MIO 5-6] Alternatively, Defendant argues that the district court should have addressed the relevance of the mishandled evidence to the underlying convictions. [MIO 4-5] Defendant's motion for reconsideration asked the district court to reconsider his underlying convictions and probation violation in light of the recent discovery of the mishandling of evidence, and requested that the probation violation be deemed null and void. [RP 190] Consequently, the district court's order treated the request as a motion to reconsider for a reduction of sentence under Rule 5-801 NMRA. [RP 196]

**{4}** To the extent Defendant seeks to withdraw his plea [MIO 2] long after entry of the Judgment and Order, such a request is not cognizable by this Court on direct appeal. *See State v. Barraza*, 2011-NMCA-111, ¶¶ 3, 5, 10-12, 267 P.3d 815. Instead, such a request is more appropriately raised through habeas corpus proceedings, as is made clear by the committee commentary to the 2014 amendments to Rule 5-802 NMRA, which states that "motions to withdraw a plea after the entry of a final judgment . . . should be treated as habeas petitions to be adjudicated under Rule 5-802 as opposed to motions to modify or reduce a sentence filed under Rule 5-801."

**{5}** Insofar as Defendant claims ineffective assistance of counsel in this regard [MIO 7-8], Defendant must pursue his claim for ineffective assistance, if at all, in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *State v. Turner*, 2017-NMCA-047, ¶ 39, 396 P.3d 184 ("Because many of [the defendant's] alleged failures are based on facts that are not of record, [the d]efendant's ineffective assistance of counsel claim is likely more appropriately pursued, if at all, in habeas corpus proceedings."); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that

4

provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus.").

{6} Defendant also contends that the district court's failure to either appoint counsel to file the proper motions or treat the pro se motion to reconsider as a motion to withdraw the plea or motion for new trial violates his right to counsel on appeal. [MIO 7] We disagree. Having entered into a plea and disposition agreement, Defendant waived his right to appeal. *See Chavarria*, 2009-NMSC-020, ¶ 9 ("[A] voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." (*quoting State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1)). Therefore, the right to counsel on appeal does not apply in this context. Moreover, as previously discussed, Defendant's remedy, if any, is through habeas corpus proceedings and not direct appeal, or by motion to the district court as urged by Defendant. [MIO 7]

{7} Lastly, Defendant argues that the mishandling of evidence might have impacted his underlying convictions and, as a result, necessarily impacted his probation revocation cases. [MIO 9] We agree with the district court that based on the facts in the probation violation report that Defendant tampered with his urine sample, registered positive for methamphetamines, and admitted to using illegal substances

5

[RP 140], the revocation of Defendant's probation had nothing to do with purported tainted evidence and mishandling of evidence. Thus, there was sufficient evidence to revoke probation.

{8}    For all of these reasons, and those stated in the calendar notice, we affirm.

{9}    **IT IS SO ORDERED.**

                        _____
                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**DANIEL J. GALLEGOS, Judge**