818 P.2d 854

**Benny STEWART, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 19972.**

Supreme Court of New Mexico.

Sept. 30, 1991.

Benny Stewart, pro se.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

This habeas corpus petition for certiorari to the fifth judicial district court pursuant to SCRA 1986, 12–501 presents the question whether it is mandatory for the trial court to specify the exact amount of presentence confinement to be credited under NMSA 1978, Section 31–20–12 (Repl.Pamp. 1990) (credit for period spent in presentence confinement to be given against any sentence finally imposed for offense on which held).

Petitioner alleges he was arrested November 3, 1982, and charged with seven crimes for which, on July 19, 1983, he was sentenced to a total of eighteen consecutive years of imprisonment. The judgment and sentence of the court further provided that "[d]efendant is to receive credit for presentence confinement." Petitioner alleges he did not meet the conditions of bail set by the court and was confined at all times between his arrest and sentencing. Petitioner alleges the Corrections Department maintains that only the trial court has the proper authority to calculate presentence confinement credit. Petitioner filed a motion with the trial court for postconviction relief pursuant to SCRA 1986, 5–802 requesting the trial court to determine a specific presentence confinement period. The court denied the motion without a hearing. This petition ensued, and we directed a response from the attorney general.

The attorney general contends that the presentence confinement credit of 290 days claimed by petitioner is erroneous because it is in excess of the number of calendar days between arrest and sentence. However, the attorney general admits to being unable to calculate the credit, if any, to which petitioner is entitled. Even sources outside the record (parole records and a presentence report) fail to provide the attorney general with the information to calculate the credit due. The attorney general requests that the petition be denied because the specific period sought is clearly erroneous. If the petition is not denied, the attorney general asks that the cause be remanded to the trial court to determine what credit, if any, is appropriate.

The attorney general states that from the Good Time Figuring Sheet it appears the Corrections Department awarded petitioner four months and thirteen days presentence confinement credit, for a total of 133 days. The attorney general notes that there are 258 calendar days from November 3, 1982, to July 19, 1983, yet he further asserts that credit computations must also consider petitioner's parole status at the

time of the crimes.[1] The attorney general consequently suggests, as the Corrections Department allegedly has, that these matters should be resolved by the trial court because it is probably from local records, *e.g.*, the county jail or sheriff's records, that the parole revocation and petitioner's presentence confinement period can be calculated. Petitioner, of course, should not receive double credit. The presentence confinement period ends when parole is revoked, because petitioner then is confined pursuant to the prior conviction.

We hold that under NMSA 1978, Section 31–20–12 it is for the trial court to determine at the time of sentencing, from relevant documents or other evidence to be made a part of the record, the specific presentence confinement to be credited against any sentence finally imposed for offenses on which an accused has been held. We remand this case to the district court to proceed in accordance with this opinion.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur.

---

**1.** In point of fact, the attorney general asserted the sentences imposed in the present case did not commence until August 8, 1984, when petitioner was paroled from a prior sentence. Petitioner was on parole at the time he committed the various crimes herein, and the resulting sentences were consecutive to the parole time that remained as of the date he was sentenced. *See* NMSA 1978, § 31–18–21(B) (Repl.Pamp. 1990).