2002-NMCA-106

55 P.3d 441

### STATE of New Mexico, Plaintiff–Appellee,

v.

### Chris ROMERO, Defendant–Appellant.

### No. 22,421.

Court of Appeals of New Mexico.

Aug. 20, 2002.

Certiorari Denied, No. 27,687, Oct. 4, 2002.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant was out on bond facing charges of aggravated battery with a deadly weapon when he was arrested for a domestic violence incident. The district court revoked his bond. Defendant was convicted of both crimes and given sentences to be served consecutively. In the aggravated battery case, the district court granted presentence credit.for each day of incarceration after the revocation of bond. It granted partial credit for the same period in the domestic violence case. Defendant appeals, asserting that he was entitled to credit for the entire period of incarceration for each of his consecutive sentences. We affirm.

### Factual and Procedural Background

{2} Defendant was arrested on March 31, 1999, and was charged with aggravated battery with a deadly weapon and tampering with evidence (Case 1). He remained in custody until a preliminary hearing on April 13, 1999. At that time, the victim could not testify and the court released Defendant until he was rearrested for the same charge almost a year later, on February 7, 2000.

Defendant posted bond the same day. About four-and-a-half months later, on June 21, 2000, Defendant was arrested again for false imprisonment and battery on a household member (Case 2). He posted bond for Case 2 on July 18, 2000.

{3} Based on the new charges, the State moved to revoke Defendant's bond in Case 1. On August 7, 2000, the court revoked Defendant's bond, remanding him to confinement.

{4} A jury convicted Defendant of the charges in Case 1 on March 15, 2001. At a second trial on April 27, 2001, a jury convicted Defendant of battery on a household member in Case 2. (He was acquitted of the false imprisonment felony charge.) Upon the second conviction, Defendant requested the court to revoke the bond in Case 2, hoping to ensure that he would receive presentence credit in Case 2.

{5} The district court sentenced Defendant in both cases on May 22, 2001, ordering that the sentences be served consecutively. The court granted Defendant credit for time served in Case 1 for the time he spent confined in 1999 and for the time between his bond revocation and sentencing. The court granted credit for time served in Case 2 for the time from arrest to posting of bond and from conviction to sentencing in Case 2. In other words, the court granted credit for the full time between the bond revocation and the sentencing in Case 1 and granted credit for the included time between conviction and the sentencing in Case 2. The second credit in Case 2 overlapped with the credit granted in Case 1. Defendant claims that he should have been granted credit for time served in Case 2 for the whole time from the bond revocation in Case 1 because his confinement was a result of the charges in Case 2.

*Standard of Review*

█ {6} Defendant argues that this Court should apply a de novo standard of review to issues involving the interpretation of NMSA 1978, § 31–20–12 (1977), the statute requiring presentence credit. The State argues that we should review only for an abuse of discretion due to "the traditional discretion exercised by trial courts in sentencing." *See State v. Irvin*, 114 N.M. 597, 600, 844 P.2d

847, 850 (Ct.App.1992) (stating that it was within the trial court's discretion to treat defendant's period of incarceration as a period of presentence confinement). The sentencing issue in this case, however, is not merely an issue of discretion. We are required to construe Section 31–20–12 in order to determine whether Defendant had a right to presentence credit. Thus, we review the case de novo. *See State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (recognizing that the standard of review for issues of statutory interpretation and construction is de novo); *Irvin*, 114 N.M. at 599, 844 P.2d at 849 (recognizing that a defendant's entitlement to presentence credit is based on statutory construction).

*Statutory Construction*

{7} Section 31–20–12 requires the district court to grant presentence confinement credit against a final sentence when a defendant is confined for a felony offense. Section 31–20–12. Specifically, it provides that "[a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." *Id.* Defendant argues that he is entitled to presentence credit in Case 2, even though he received credit for the same period in Case 1, because we have interpreted the statute to require mandatory credit even if the confinement is not exclusively related to a single charge. *See State v. Ramzy*, 98 N.M. 436, 438, 649 P.2d 504, 506 (Ct.App. 1982).

█ {8} We do not construe a statute in a manner that is contrary to the intent of the legislature or in a manner that would lead to absurd or unreasonable results. *State v. Padilla*, 1997–NMSC–022, ¶ 6, 123 N.M. 216, 937 P.2d 492; *State v. Shafer*, 102 N.M. 629, 637, 698 P.2d 902, 910 (Ct.App.1985) (stating that statutes must be construed according to the purpose for which they were enacted and not in a manner which leads to absurd or unreasonable results). Our interpretation of Section 31–20–12 has evolved significantly.

In *Ramzy*, we interpreted the language of the statute strictly in order to grant credit when the period of presentence confinement related to two different cases. *Ramzy*, 98 N.M. at 437, 649 P.2d at 505 (applying the rule that doubt in criminal statutes should be construed in favor of lenity); *see also State v. Barefield*, 92 N.M. 768, 772, 595 P.2d 406, 410 (Ct.App.1979) (allowing for presentence confinement credit when confinement was also related to another case). However, since *Ramzy*, we have come to realize the absurd or unreasonable consequences that could result from a uniformly strict interpretation. In certain circumstances, multiplying presentence credit may have the effect of rewarding a defendant for committing multiple crimes. *See State v. Aaron*, 103 N.M. 138, 140, 703 P.2d 915, 917 (Ct.App.1985) (explaining that multiplying the credit by the number of sentences imposed would allow defendant to serve no time in prison at all after sentencing). In *State v. Miranda*, 108 N.M. 789, 792, 779 P.2d 976, 979 (Ct.App.1989), we explained that presentence credit was designed to assure equal treatment of all defendants regardless of whether they had the financial resources to obtain bail. *See also State v. Howard*, 108 N.M. 560, 562, 775 P.2d 762, 764 (Ct.App.1989).

{9} If we were to interpret the statute strictly, to Defendant's benefit, we would allow Defendant to benefit from committing multiple crimes and also place Defendant in a better position than a defendant who remained out on bond before sentencing. Such a result would contradict the purpose of Section 31–20–12, and we will not adopt it.

*"Double Credit" Cases*

■ {10} It appears that the disagreement in this case arises largely from uncertainty about whether "double credit" can be granted under any circumstances in light of our opinion in *Ramzy*, the three-factor test discussed in *State v. Facteau*, 109 N.M. 748, 750, 790 P.2d 1029, 1031 (1990), and our subsequent opinion in *Miranda*. Because it is not infrequent that a defendant is confined while involved in multiple judicial proceedings, we have, at times, struggled over the question of when credit is required under those circumstances.

{11} Based on *Ramzy*, Defendant contends that the grant of presentence credit is mandatory if the confinement is related to the charges for which the defendant is ultimately sentenced, even if that credit also applies to another sentence. *See Ramzy*, 98 N.M. at 437, 649 P.2d at 505; *State v. Barrios*, 116 N.M. 580, 581, 865 P.2d 1224, 1225 (Ct.App.1993) (explaining that a no-bond hold in Texas due to defendant's fugitive status also related to New Mexico charges). Defendant points to the factors discussed in *Facteau*, 109 N.M. at 750, 790 P.2d at 1031, and *State v. Orona*, 98 N.M. 668, 670, 651 P.2d 1312, 1314 (Ct.App.1982), which we stated are relevant to determining whether presentence confinement is sufficiently related to one sentence when a defendant is involved in multiple judicial proceedings. These three factors are: (1) whether defendant was originally confined, (2) whether the charges related to the sentence triggered the confinement, and (3) whether bond was set in the case related to the sentence. *Id.*

{12} In *Miranda*, we noted that when a defendant receives consecutive sentences, most jurisdictions grant credit only once to the aggregate sentence. *Miranda*, 108 N.M. at 792, 779 P.2d at 979. We adopted this majority rule because "it gives effect to the legislative intent in enacting Section 31–20–12 and to the court's determination of whether to sentence consecutively or concurrently." *Id.* at 793, 779 P.2d at 980. Although a defendant sentenced to a concurrent sentence in effect receives double credit, the rationale for such result—the exercise of the court's sentencing discretion—does not necessitate granting double credit when the court imposes a consecutive sentence. *See id.* at 792, 779 P.2d at 979.

■ {13} Our analysis of the cases indicates that the three factors of *Facteau* and *Orona* form the relevant inquiry only when a defendant has been involved in separate sentencing proceedings rather than a single sentencing proceeding. In *Facteau* and *Orona*, the defendants were already in jail serving a sentence when they acquired subsequent charges. *Facteau*, 109 N.M. at 749, 790 P.2d

at 1030; *Orona,* 98 N.M. at 669, 651 P.2d at 1313. In *Ramzy,* the defendant was sentenced but was released on an appeal bond. *Ramzy,* 98 N.M. at 437, 649 P.2d at 505. He began serving his sentence immediately upon bond revocation. *Id.* The sentencing courts in Ramzy, Facteau, and *Orona* had to determine whether presentence credit should be granted when the presentence time was served while the defendant was serving the previous sentence. *Facteau,* 109 N.M. at 749–50, 790 P.2d at 1030–31; *Orona,* 98 N.M. at 670, 651 P.2d at 1314; *Ramzy,* 98 N.M. at 437, 649 P.2d at 505. The issue was not whether to "double count" days of presentence confinement credit, but rather whether the defendant would be given credit for both time that was part of the regular sentence in the prior case and time for the presentence credit in the subsequent case. In *Miranda,* much like this case, the defendant had yet to be sentenced. *Miranda,* 108 N.M. at 791, 779 P.2d at 978. We consider this distinction, that Defendant had not already been sentenced when he was confined on subsequent charges, to be determinative. *See id.* at 793, 779 P.2d at 980 (explaining that the three factors did not apply to entitle defendant to credit because defendant entered into a plea and sentencing agreement regarding all related cases in a single proceeding before a single judge). Our law requires presentence credit when the credit was acquired while serving a prior sentence under certain circumstances; it does not require a multiplication of days of presentence credit.

*Consecutive Sentences*

{14} Defendant argues that the district court abused its discretion by ordering the sentence in Case 2 to be served consecutively to the sentence in Case 1 as opposed to concurrent sentences. Defendant has not provided this Court with authority to support his argument. We will not consider an issue when no authority is cited in support of the issue. *See State v. Chandler,* 119 N.M. 727, 733, 895 P.2d 249, 255 (Ct.App.1995).

*Conclusion*

{15} We address only the issue of whether Defendant had a right to presentence credit for the entire time of his presentence incarceration in both consecutive sentences, not whether the district court had the discretion to grant such credit. For the reasons stated above, we hold that Defendant did not have such a right and affirm the judgment and sentence of the district court.

{16} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON and RODERICK T. KENNEDY, Judges.