This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                      **NO. 31,765**

**GREG ROSS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Scott S. Hilty
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals his sentence. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and therefore affirm.

The relevant proceedings are as follows. Defendant pled guilty to two felony offenses in 2008 arising from two different cases. [DS 4] The cases were resolved in a consolidated plea, and the district court granted Defendant a deferred sentence of three years, with Defendant serving three years of supervised probation. [DS 4-5] On May 4, 2010, while on probation in the 2008 cases, Defendant was arrested and charged with kidnapping, aggravated battery with a deadly weapon, aggravated assault, and false imprisonment. [DS5] His arrest on these charges triggered a no bond hold for a probation violation in the 2008 cases. [DS 5] The State also initiated probation revocation proceedings. [DS 6] Defendant admitted to the probation violations, and the probation proceedings were continued until resolution of the 2010 case. [DS 6]

Defendant was ultimately convicted of aggravated assault on the 2010 charges. The sentencing proceedings for the 2008 probation violation case and the aggravated assault conviction were informally consolidated. The district court imposed a sentence of four and a half years on the 2008 cases. The court sentenced Defendant

to one and a half years on the aggravated assault conviction and imposed a one year habitual offender enhancement. The court ordered that the sentences run consecutively. The court calculated that Defendant would receive sixty-four days presentence confinement credit from the original order deferring sentence in the 2008 cases and 468 days served on probation from January 21, 2009 until May 4, 2010. [RP 223-225] The court also awarded 520 days presentence credit representing Defendant's incarceration from May 4, 2010, the date he was arrested on the new charges, until October 6, 2011, the date he was sentenced. [RP 225]

In his memorandum in opposition, Defendant continues to argue that, had the cases not been informally consolidated for sentencing, it is possible that his sentences would have been ordered to run concurrently, and he would therefore have received the 520 days presentence confinement against both cases. [MIO 3-4] We disagree. Defendant cites to no authority that he was entitled to separate sentencing hearing or that it was otherwise error for his cases to be consolidated for sentencing. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). As we stated in our notice of proposed summary disposition, when a defendant receives consecutive sentences, as in this case, he is entitled to receive presentence confinement credit only against the aggregate of all sentences. *See State*

*v. Miranda*, 108 N.M. 789, 792, 779 P.2d 976, 979 (Ct. App. 1989) (stating that the defendant was not entitled to dual credit for days spent in custody on two separate cases which were ordered to be served consecutively by the district court); *State v. Romero*, 2002-NMCA-106, ¶¶ 7-13, 132 N.M. 745, 55 P.3d 441 (rejecting the defendant's argument that he was entitled to double count presentence confinement days and stating that our law requires presentence credit when the credit was acquired while serving a prior sentence under certain circumstances; it does not require a multiplication of days of presentence credit). For these reasons, and those stated in our notice of proposed summary disposition, we affirm Defendant's sentence.

Defendant also argues that he received ineffective assistance of counsel because his attorney improperly advised him of the potential consequences of consolidating the cases for sentencing. [MIO 5-7] "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (citing *State v. Talley*, 103 N.M. 33, 36, 702 P.2d 353, 356 (Ct. App. 1985)). There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove

4

both prongs. *Id.* "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)).

Defendant argues that he was prejudiced by his attorney's failure to properly advise him because, had the consolidation not occurred, the 2008 case and the aggravated assault conviction would have been heard before different judges who might have imposed different sentences. [MIO 6-7] However, as noted above, Defendant cites to no authority to suggest that he had a right to separate sentencing proceedings on the two cases, nor does he demonstrate that he would have received a different sentence had the cases not been consolidated. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). While Defendant asserts that he may not have been given consecutive sentences had he been sentenced separately, we believe that this is too speculative to show prejudice. *State v. Chavez*,

2008-NMCA-126, ¶ 24, 145 N.M. 11, 193 P.3d 558 (stating that a mere assertion of prejudice is not a showing of prejudice), *rev'd on other grounds by* 2009-NMSC-035, 146 N.M.434, 211 P.3d 891.

We therefore hold that Defendant has failed to establish a prima facie case of ineffective assistance of counsel. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel")

For these reasons, we affirm.

**IT IS SO ORDERED.**

---

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

---

**JAMES J. WECHSLER, Judge**

---

**J. MILES HANISEE, Judge**