This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 31,250**

**GERARDO P.**,

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

A child who is found guilty of being a serious youthful offender is subject to the same sentence as an adult, including the statutory right to receive presentence confinement credit. This case requires us to consider whether a child who is found not guilty of being a serious youthful offender, but adjudicated as a delinquent offender on a lesser-included offense, is entitled to presentence confinement credit against his commitment to the New Mexico Children, Youth and Families Department (CYFD). We conclude that the applicable statutes intentionally omit granting such a credit. Because the district court ruling is consistent with our conclusion, we affirm.

**BACKGROUND**

Child appeals from a district court judgment and disposition entered after a jury found Child guilty of voluntary manslaughter and lesser charges. Child was charged by delinquency petition with first degree murder, tampering with evidence, and unlawful possession of a handgun by a person under the age of nineteen. Child was classified as a serious youthful offender and detained for approximately eight months before trial. However, the jury did not convict child of a serious youthful offender offense. As a result, Child was no longer subject to treatment as an adult, and the district court judge adjudicated Child a delinquent offender, pursuant to NMSA 1978, Section 32A-2-19(B)(1)(b) (2009). The district court entered a disposition for Child, transferring Child to the custody of CYFD for no longer than two years.

Child requested that the district court provide him ten months credit for the time

2

he was detained pending adjudication and disposition. Child's request relied on NMSA 1978, Section 31-18-15.3(B) (1993), which provides that a child between the ages of fifteen and eighteen years of age who is charged with first degree murder and detained prior to trial is entitled to have the time spent in the juvenile detention facility count toward completion of any sentence imposed. The district court concluded that Section 31-18-15.3(B) did not apply when a juvenile disposition, rather than an adult sentence, is imposed, and that it was limited to the dispositions set forth in Section 32A-2-19. As a result, the district court concluded that Child was not entitled to presentence confinement credit. Child timely appealed his disposition.

**DISCUSSION**

Child appeals his disposition, raising one issue: whether the time Child spent in detention prior to sentencing counts toward his two-year commitment to CYFD. In raising this issue, Child argues that (1) he is entitled to the same rights as an adult, including the right to predisposition confinement credit, pursuant to NMSA 1978, Section 32A-2-14(A) (2009); (2) his disposition is the functional equivalent of a sentence for purposes of awarding presentence confinement credit, pursuant to NMSA 1978, § 31-20-12 (1977); and (3) he was denied the right to due process by the denial of predisposition confinement credit. We review these legal questions of statutory construction and constitutional interpretation de novo. *See State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489. For the reasons that follow, we reject

3

Child's arguments.

In the recently decided case of *State v. Nanco*, 2012-NMCA-___, ¶¶ 9-11, ___ P.3d ___ (No. 30,788, Aug.17, 2012), this Court addressed the sole issue raised by Child on Appeal: Whether the time Child spent in detention prior to sentencing should count toward his commitment to CYFD. *Nanco* is identical to this case in that a child originally charged and held as a serious youthful offender was subsequently convicted of voluntary manslaughter. *Id.* ¶ 18. In *Nanco*, we examined Sections 32A-2-14(A), 31-20-12, 31-18-15.3, and the public policy reasons for the Delinquency Act, NMSA 1978, § 32A-2-2 (2007), to address that child's first two arguments. After conducting this examination of the applicable statutes, we concluded that "[o]ur statutes providing for the disposition of an adjudicated delinquent offender do not expressly allow predisposition confinement credit, and . . . this omission was intentional on the part of the Legislature, and consistent with the Children's Code." *Nanco*, 2012-NMCA-___, ¶ 18. In light of *Nanco*, we reject Child's argument that he is entitled to the same rights as an adult, including the right to predisposition confinement credit, and that his disposition is the functional equivalent of a sentence for purposes of awarding presentence confinement credit.

We proceed to Child's remaining argument that he was denied the right to due process by the denial of predisposition confinement credit. In *Nanco*, the defendant-child raised a due process argument, but we declined to address the issue because it

4

was not preserved. *Id.* ¶ 19. Child argues in this case that this issue was well-preserved and "the specific arguments on appeal are simply an expansion of the arguments made below." The State responds that Child's written filings and counsel's oral argument to the district court failed to mention or otherwise alert the district court to Child's claimed due process violation, and this Court should not consider the argument on appeal.

Although we have previously stated that our preservation rule disregards form and relies upon substance, we have always required a party to fairly present a question to the district court and invoke a ruling to preserve the issue for appeal. *See State v. Balderama*, 2004-NMSC-008, ¶ 19, 135 N.M. 329, 88 P.3d 845. This requirement ensures that the district court had the opportunity to rule on the issue and that there is an adequate record for appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked, but formal exceptions are not required[.]"); *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (explaining that parties must object at trial in order to alert the district court of the perceived error, to allow the court to correct any error, and to provide an adequate record for appellate review), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. The record indicates that the district court was not properly alerted to Child's appellate due process argument. *See State v. Martinez*, 2007-NMSC-025, ¶ 25, 141 N.M. 713, 160 P.3d 894 (stating that

5

"merely mentioning 'due process' was not sufficient to alert the judge to a Confrontation Clause claim and did not fairly invoke a ruling"). We conclude that this issue was not preserved for appellate review.

In anticipation of such a conclusion, Child argues, in the alternative, that this Court should review for fundamental error. *See* Rule 12-216(B). Fundamental error includes both "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. The record before us does not suggest Child's "indisputable innocence," and Child argues only that there was a "miscarriage of justice in this case." We see nothing in the record or in Child's briefing to indicate a fundamental unfairness or miscarriage of justice that requires us to address Child's due process argument.

In the absence of a pertinent statute to the contrary, a defendant does not generally have a fundamental right to credit for time spent in custody prior to trial or sentence. *See State v. Romero*, 2002-NMCA-106, ¶ 6, 132 N.M. 745, 55 P.3d 441 (recognizing that a defendant's entitlement to presentence credit is based on statutory construction). Hence, it follows that if a juvenile is entitled to pretrial detention credit, it must be authorized by statute. Because there is no statute by which a juvenile offender committed to CYFD for a period of confinement has any entitlement to

6

predisposition detention credit, we presume that the Legislature intended to leave consideration of pretrial detention credit to the discretion of the district court. *Nanco*, 2012-NMCA-___, ¶ 18. Thus, we find nothing unfair or shocking in the district court's refusal to grant Child credit for his predispositional detention, and there exists no basis on which to hold that fundamental error occurred. *See State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 ("Parties alleging fundamental error must demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." (internal quotation marks and citation omitted)).

**CONCLUSION**

For the foregoing reasons, we affirm the dispositional judgment of the district court dealing with presentence confinement credit.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

7

_____

**JONATHAN B. SUTIN, Judge**


_____

**CYNTHIA A. FRY, Judge**

8