This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                            **NO. 33,386**

**JOSE MACIAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jose Macias
Santa Rosa, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    We hereby withdraw our previous opinion entered in this cause and substitute the following in its place. Defendant, pro se, seeks to appeal from the district court's order denying his motion to amend the judgment and sentence, arguing that the district

court failed to give him full presentence confinement credit. We issued a notice proposing to summarily dismiss for the failure to file a timely notice of appeal in the correct tribunal. We also informed Defendant that if he wishes to pursue his challenge to his sentence, then he should do so in a conforming petition for writ of habeas corpus. Defendant has responded to our notice with a memorandum in opposition, arguing that we should accept his notice of appeal filed in this Court, but asking this Court to dismiss on the grounds that he should pursue relief in a petition for writ of habeas corpus in district court. We also have received the exhibits Defendant filed. For the reasons discussed below, we are not persuaded to accept the notice of appeal as properly triggering our appellate jurisdiction. *See Govich v. North Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (stating that to properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal). We dismiss Defendant's appeal.

{2}     Our notice explained that the record does not show that Defendant filed a timely notice of appeal in district court. *See* Rule 12-202(A) NMRA (requiring the appellant to file a notice of appeal with the **district court clerk** within thirty days of the district court's entry of its final judgment). Rather, our Court of Appeals file shows that Defendant filed a notice of appeal in this Court. [Ct. App. file - red clip] Filing the notice of appeal with the Clerk of the Court of Appeals rather than the district court

clerk does not substantially comply with Rule 12-202(A)(2), and it is not a mere technical defect. *See Lowe v. Bloom*, 1990-NMSC-069, ¶¶ 4-6, 110 N.M. 555, 798 P.2d 156. As we explained in our notice, we do not extend the presumption of ineffective assistance of counsel to pro se defendants, and only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 15-19, 117 N.M. 273, 871 P.2d 369 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error).

**{3}** In response to our notice, Defendant argues that court error caused the non-filing of his notice of appeal, because the district court clerk wrongfully refused to file his notice of appeal. [MIO unnumbered 2] Defendant refers us to exhibits A, B, and D. [Id.] Not one of these exhibits includes a copy of the notice of appeal file-stamped by the district court. To the extent that Defendant is referring to his notice of appeal, the certificate of service states that "a copy of the foregoing petition was served upon the Bernalillo County District *Attorneys* by U.S. Mail this 27th day of November 2013." [Ct. App. file - red clip (emphasis added)] The notice of appeal has a file-stamp only from this Court, not the district court. We also observe that Defendant has filed envelopes as exhibits with postage stamps showing that if Defendant attempted to file a notice of appeal with the district court clerk, he did so without any expectation of

timeliness. New Mexico has not adopted a similar counterpart to the inmate mailbox rule that exists in the federal system. Therefore, any untimely notice of appeal that Defendant may have attempted to file in district court cannot be excused under our rules. Under these circumstances, we do not accept Defendant's notice of appeal as properly triggering our jurisdiction and further hold that Defendant has not made a prima facie showing that court error may have caused the non-filing of the notice of appeal sufficient to warrant remand to district court for findings on the matter.

{4}     Although Defendant asks us to accept his notice of appeal as properly and timely filed, he also does not oppose this Court's recommendation that he pursue habeas relief. [MIO unnumbered 3] Defendant asks us to dismiss his appeal with a recommendation that he seek relief in district court in a conforming petition for writ of habeas corpus. [Id.] We can dismiss only for the non-filing of the notice of appeal in district court, not for our lack of jurisdiction to review an implicit denial of habeas relief. *See State v. Barraza*, 2011-NMCA-111, ¶ 12, 267 P.3d 815 ("Although our Supreme Court has the flexibility to construe a motion as a petition for habeas corpus even where it was not denominated as such, *Case v. Hatch*, 2008-NMSC-024, ¶ 12, 144 N.M. 20, 183 P.3d 905, this Court has no such jurisdiction or flexibility to do so.").

**{5}** If Defendant wishes to pursue his argument that court error caused the non-filing of the notice of appeal, he must do so by some other mechanism for post-conviction relief. Also, as we explained in our notice, if Defendant wishes to pursue his underlying challenge to his presentence confinement credit, we continue to encourage Defendant to file a proper petition for writ relief. For example, if Defendant so chooses, he may seek habeas relief, but he should do so in a petition for writ of habeas corpus in district court that complies with the content requirements of Rule 5-802 NMRA, and that is specifically designated as a petition for writ of habeas corpus. *See State v. Torres*, 2012-NMCA-026, ¶¶ 17-27, 272 P.3d 689 (describing circumstances that limit district court jurisdiction to correct illegal sentences based on habeas corpus motions under Rule 5-802); *State v. Romero*, 2002-NMCA-106, ¶¶ 10-13, 132 N.M. 745, 55 P.3d 441 (describing the relevant "double credit" cases). Then, if Defendant wishes to pursue appellate review of the district court's decision on his petition for habeas relief, he must seek review by petition for writ of certiorari in the New Mexico Supreme Court, not this Court. *See* N.M. Const. art. VI, § 3; Rule 5-802(H)(2); Rule 12-501 NMRA.

**{6}** Based on the foregoing, we dismiss Defendant's appeal.

**{7}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**LINDA M. VANZI, Judge**

6