This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37725**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JACOB SCOTT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Charles Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     Defendant appeals his conviction for misdemeanor aggravated battery. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

**{2}**     Defendant continues to claim that he was erroneously denied pre-sentence confinement credit. The pertinent statute provides, "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in pre-sentence

confinement against any sentence finally imposed for that offense." NMSA 1978, § 31-20-12 (1977).

**{3}** Here, Defendant's conviction is based on a crime that he committed while incarcerated on other charges (Case 1). Therefore, his sentence in this case was ordered to run consecutively to the sentence imposed in Case 1. *See* NMSA 1978, § 31-18-21(A) (1977) (requiring consecutive sentences under such circumstances). In effect, the Legislature has mandated that the sentence in the current case be tacked on to the sentence imposed in Case 1. Because the amount of pre-sentence confinement credit was used up in the first sentence, and because the two sentences are viewed in the aggregate, our calendar notice proposed to hold that Defendant was not entitled to additional credit in this case. *See State v. Davis*, 2003-NMSC-022, ¶ 15, 134 N.M. 172, 74 P.3d 1064 (noting that Section 31-18-21(A) requires the sentences to be viewed in the aggregate).

**{4}** In his memorandum in opposition, Defendant refers us to case law addressing "double credit" where confinement is related to more than one offense. However, that case law does not apply where sentences run consecutively. *See State v. Romero*, 2002-NMCA-106, ¶ 12, 132 N.M. 745, 55 P.3d 441. As noted, the district court was statutorily required to run the sentences consecutively, and Defendant's argument would undermine this legislative directive. Defendant also appears to claim that he is entitled to some credit that is solely related to the current conviction (Case 2). [DS 5] It appears that this time was credited to the over-all sentence. In its sentencing order, the district court specifically stated that it is uncontested that the overall amount of credit would be used up in Case 1 unless Defendant's "double credit" argument governed. [RP 317, FOF No. 15] Because Defendant's sentence is considered in the aggregate, and the amount of credit is deducted from the combined sentences, it would not matter if part of the credit is attributable to Case 2, so long as that time is part of the overall credit. Therefore, based on the record before us, we are not persuaded that the district court's calculation of credit amounted to reversible error. In the event that Defendant can show that the district court's numbers were off in the final analysis, he may petition the district court for relief and establish a record in support of his claim.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JULIE J. VARGAS, Judge**