The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: July 25, 2022

**No. A-1-CA-38464**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAIME CERDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**YOHALEM, Judge.**

{1}     Defendant Jaime Cerda appeals from the district court's refusal to apply presence confinement credit to the second of his two consecutive sentences based on convictions for related offenses when he had already been given credit for that time toward his first sentence. Defendant relies on this Court's decision in *State v. Ramzy*, 1982-NMCA-113, 98 N.M. 436, 649 P.2d 504, to claim that presentence confinement time can be credited to each of two consecutive sentences for related offenses if the sentences are imposed in separate proceedings, at different times. We agree with the district court that Defendant is not entitled to the same presentence confinement credit against both sentences: presentence confinement credit is imposed once against consecutive sentences in the aggregate, whether the sentencing occurs in separate proceedings or in a single proceeding. We decline the State's invitation to overrule *Ramzy* and affirm the district court's sentencing decision.

**BACKGROUND**

{2}     Two criminal cases were brought against Defendant, both relating to events that occurred on January 11, 2018. That day, Defendant fled from law enforcement officers who were attempting a traffic stop and, while doing so, was seen throwing plastic baggies out of his vehicle's window. The bags were later recovered and determined to contain methamphetamine. A short time later, the police found Defendant hiding in a home and took him into custody. Two weeks later, on January

25, 2018, the State filed a complaint charging Defendant with aggravated fleeing a law enforcement officer, possession of methamphetamine and marijuana, two counts of tampering with evidence, resisting arrest, and possession of drug paraphernalia. The parties refer to this as "Case Two."[1]

{3}     About a month after the events that led to Defendant's arrest, the State learned that Defendant had also been in possession of a firearm on January 11, 2018, and had concealed that firearm before his arrest by dumping it over a wall onto a property adjoining the house where he had been arrested. Following this new discovery, the State initiated another criminal action on April 26, 2018, which the parties refer to as "Case Three," charging Defendant with one count of possession of a firearm by a felon.

{4}     Defendant was convicted at trial in Case Two and sentenced on November 16, 2018. At the time of his sentencing in Case Two, Defendant had been in custody continuously since January 11, 2018. The district court imposed a prison term for Case Two and subtracted presentence confinement credit of 310 days from that sentence.

{5}     This case, Case Three, was still pending at the time of Defendant's sentencing in Case Two. Two hundred and twenty-five days of the 310 days presentence

---

[1]The parties' briefing also refers to a "Case One," which is not relevant to Defendant's sentencing claims on appeal. We will avoid further mention of "Case One" so as to minimize unnecessary confusion.

confinement credited to Defendant were served while Case Three was also pending (from April 26, 2018, when Case Three was initiated, until November 16, 2018, when Defendant was sentenced on Case Two, equals 225 days). Defendant later pleaded guilty in Case Three and was sentenced to a prison term, ordered to run consecutively to his prison term in Case Two. Defendant requested presentence confinement credit for the 225 days he was confined while Case Three was pending, even though those days had already been credited against his Case Two sentence. The district court declined to do so, agreeing with the State that Defendant had already been credited that time against a consecutive sentence in a related case and was not entitled to double credit. This appeal followed.

**DISCUSSION**

{6}     Defendant renews his argument on appeal that he is entitled, as a matter of law, to what is effectively double credit for his presentence confinement: to have the 225 days he was confined before sentencing on both charges credited against each consecutive sentence imposed by the district court, reducing the time he must serve in prison for the two cases by a total of 450 days.

{7}     Defendant relies on what he claims is the plain language of NMSA 1978, Section 31-20-12 (1977). That section provides as follows:

>          A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

3

**{8}** Defendant claims that this Court in *Ramzy* adopted his reading of Section 31-20-12. Defendant relies on *Ramzy*'s holding that "the decisive factor in allowing credit for presentence confinement in a case is whether the confinement was actually related to the charges of that particular case. It is not necessary that the confinement be related exclusively to the charges in question." 1982-NMCA-113, ¶ 8. In response, the State points to several subsequent cases, which it claims distinguish *Ramzy* and argues that *Ramzy* ought to be overturned.

**{9}** We do not agree that *Ramzy* is applicable to this case or that the resolution of this case requires us to overturn *Ramzy*. *Ramzy* does not address the central question at issue in this case: when it is not disputed that a defendant's presentence confinement is occasioned by multiple related cases, is the defendant entitled to credit against each consecutive sentence in those related cases simply because he happens to be sentenced in separate proceedings?

**{10}** *Ramzy* addresses a period of confinement where the defendant was incarcerated to serve a post-conviction sentence that had been imposed prior to his commission of a new offense and at the same time, was incarcerated to await trial and sentencing on a new offense. The defendant in *Ramzy* had been found guilty in his first, unrelated case and was sentenced to a prison term (case one). *Id.* ¶ 3. He appealed that conviction and remained at liberty on appeal bond. *Id.* Then, while out on bond, he committed a new crime and was arrested and charged (case two). *Id.*

¶ 4. His new arrest and the charges in case two led to the revocation of his appeal bond in case one, and he thus began serving his sentence in case one at the same time that he was being held in presentence confinement with respect to case two. *Id.* ¶ 5. He ultimately pleaded guilty in case two, after serving fifty-nine days of confinement. *Id.* ¶¶ 6-7. On review, we held that those fifty-nine days of incarceration were "undoubtedly partly, if not totally, caused by case two charges" and that there was therefore "sufficient connection" between case two and the fifty-nine-day confinement period "to warrant credit for such incarceration and confinement [in case two], even though he was at the same time in custody due to the revocation of the appeal bond in case one." *Id.* ¶ 11. The defendant in *Ramzy* was thus credited with serving part of his sentence in case one, and given presentence confinement credit in case two. *Id.*

{11} It is a different issue altogether, however, from the question raised here: should a defendant be double credited for presentence confinement in more than one case-related case awaiting trial or sentencing? This Court has distinguished *Ramzy* from cases like this one where a defendant is seeking duplicate presentence confinement credit in multiple cases, pointing out that the issue in *Ramzy* is not whether presentence confinement that relates to more than one pending case will be double counted, but whether a defendant would be credited with time served toward his sentence in the prior case and still be given single presentence confinement credit

in the subsequent case. *See State v. Romero*, 2002-NMCA-106, ¶ 13, 132 N.M. 745, 55 P.3d 441 (distinguishing cases seeking double credit against more than one consecutive sentence from *Ramzy*, reasoning that in *Ramzy*, "[t]he issue was not whether to 'double count' days of presentence confinement credit, but rather whether the defendant would be given credit for both time that was part of the regular sentence in the prior case and time for the presentence confinement in the subsequent case").

{12}  Several of our cases have directly addressed the issue raised in this case, holding that a defendant is not entitled to double credit when sentenced consecutively on multiple charges or in multiple cases. *See State v. Aaron*, 1985-NMCA-060, ¶¶ 10-12, 103 N.M. 138, 703 P.2d 915 (holding that when a defendant receives multiple consecutive sentences arising from more than one charge in a single case, that defendant's presentence confinement is applied to the aggregate sentence and is "not to be multiplied by the number of different sentences imposed"); *State v. Miranda*, 1989-NMCA-068, ¶ 10, 108 N.M. 789, 779 P.2d 976 (holding that when presentence confinement relates to more than one pending case, when those cases yield consecutively imposed sentences, any presentence confinement credit given is "not to be multiplied by the number of different sentences imposed"); *State v. French*, 2021-NMCA-052, ¶ 16, 495 P.3d 1198 ("Since [the d]efendant's

sentences must run consecutively, he is entitled to credit only once against the aggregate of his sentences.").

{13}   Defendant argues that the cited cases are distinguishable from this case because the cited cases involve consecutive sentences imposed in a single proceeding, rather than in two separate proceedings as was the case here. Defendant claims that the decisive factor is whether "[D]efendant was sentenced on [multiple] charges at a single hearing or at multiple hearings." We are not persuaded. In making this claim, Defendant relies on a single sentence from our decision in *Romero*, which he takes out of context. In the first sentence of the paragraph relied on by Defendant, this Court describes *Ramzy* as dealing with separate proceedings, rather than consecutive sentences imposed in a single proceeding. *See Romero*, 2002-NMCA-106, ¶ 13. Although this sentence is arguably ambiguous, *Romero* clarifies in the next sentence that the Court is referring to separate proceedings in which a defendant has already been convicted and sentenced for an unrelated prior offense but is not in custody at the time the new offense is committed. *Id.* The paragraph relied on by Defendant distinguishes the circumstances in *Ramzy*, where the defendant had already been convicted and sentenced in a prior case before being confined based on a second offense, from cases like this one, where Defendant is confined to await trial on multiple offenses. *See Romero*, 2002-NMCA-106, ¶ 13. Where a defendant is confined to await trial on multiple offenses, whether the defendant is ultimately

7

sentenced in a single hearing or in separate sentencing hearings, is not relevant to the Court's analysis.

{14} Finally, we decline the State's invitation to overrule or otherwise abrogate *Ramzy*. Because *Ramzy* addresses an issue distinct from this case, we do not agree with the State that our resolution of this case requires us to reconsider *Ramzy*. It certainly does not require us to overturn *Ramzy*.

**CONCLUSION**

{15} For the foregoing reasons, we affirm.

{16} **IT IS SO ORDERED.**


_____
**JANE B. YOHALEM, Judge**

**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**


_____
**GERALD E. BACA, Judge**